IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | §<br>§<br>§  CASE NUMBER 6:21-CR-00052-JDK-JDL<br>§<br>§<br>v.  §<br>§<br>§<br>BRYSON XZAVIER FREEMAN  §<br>§<br>§<br>§ |

## REPORT AND RECOMMENDATION OF
## UNITED STATES MAGISTRATE JUDGE

Before the court is Defendant Bryson Xzavier Freeman's ("Defendant") motion for exclusion of evidence (Doc. No. 28) and the United States of America's ("the government") response. (Doc. No. 38.) The motion was referred to the undersigned for disposition. Having considered Defendant's motion (Doc. No. 28) and the response (Doc. No. 38), the court **RECOMMENDS** that Defendant's motion be **DENIED**.

### BACKGROUND

A grand jury indicted Defendant on four counts: (1) knowingly and intentionally possessing with the intent to distribute less than 500 grams of a mixture or substance containing a detectable amount of cocaine, a Scheduled II controlled substance, in violation of 21 U.S.C. § 841(a)(1); (2) knowingly using and carrying a firearm during and in relation to, and knowingly possessing a firearm in furtherance of, a drug trafficking crime (count 1) for which he may be prosecuted in a court of the United States, in violation of 18 U.S.C. § 924(c); (3) knowingly and intentionally possessing with the intent to distribute more than 50 grams of actual methamphetamine, a Schedule II controlled substance, in violation of 21 U.S.C. § 841(a)(1); and

(4) knowingly using and carrying firearms during and in relation to, and knowingly possessing firearms in furtherance of, a drug trafficking crime (count 3) for which he may be prosecuted in a court of the United States. (Doc. No. 1.) Defendant filed a motion to suppress evidence and for an evidentiary hearing. (Doc. No. 28.)

## ANALYSIS

Defendant's motion generally states that there was an unlawful stop and an unlawful search of a white Dodge Durango that occurred on or about January 17, 2020 and that there was an unlawful stop and an unlawful search of a black Chevrolet Traverse that occurred on or about May 20, 2021. (Doc. No. 28.) Defendant claims that the stops were unreasonable and thus the resulting search and seizure were also illegal. *Id.* at 7. Defendant requests that the evidence obtained from both vehicles be suppressed and requests an evidentiary hearing. *Id.* at 2.

The government responds by stating the bases of reasonable suspicion and probable cause that the officers had for stopping the Dodge Durango and the Chevrolet Traverse and attaches supporting photographic evidence. (Doc. No. 38, at 8–9.) The government also provides a detailed description of the grounds for probable cause to conduct a search of both vehicles. *Id.* at 2–6.

Defendant did not file a reply and the time to do so has passed. *See* Local R. CR-47(b)(2) ("Unless otherwise directed by the presiding judge, a party who has filed an opposed motion may serve and file a reply brief responding to issues raised in the response within seven days from the date the response is served.").

In his motion, Defendant argues that evidence should be suppressed because the evidence was obtained as part of an illegal stop which occurred without reasonable suspicion, probable cause, or a valid warrant, in violation of the Fourth and Fourteenth Amendments to the U.S. Constitution. (Doc. No. 28, at 3.) However, Defendant fails to identify a factual basis or a legal

argument to support his assertions. Further, Defendant does not cite to any evidence in the form of affidavits, photographs, or otherwise to support his motion. Rather, Defendant merely provides a lengthy summary of the law with no application to his case.

Evidentiary hearings should only be held when "the defendant alleges sufficient facts which, if proven, would justify relief." *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir. 1983). "Factual allegations set forth in the defendant's motion, including any accompanying affidavits, must be "sufficiently definite, specific, detailed, and nonconjectural, to enable the court to conclude that a substantial claim is presented." *Id*. (internal quotation marks omitted). General or conclusory statements are not enough. *Id*. *See United States v. Thompson*, 540 F. App'x 445, 447 (5th Cir. 2013) (stating that a one sentence fact section with the bare assertion that a dog-handler manipulated the dog into an alert was insufficient to merit an evidentiary hearing).

Here, Defendant does not allege any facts explaining why the two stops were unlawful, nor does he explain why there was no probable cause to search the vehicles. Defendant's motion fails to cite to evidence and does not even clearly state the basis for suppression. Rather, the motion presents a litany of requests for evidentiary exclusion with conclusory recitations of the law. Thus, Defendant does not meet the standard for an evidentiary hearing set forth in *Harrelson*.

## CONCLUSION

For the reasons set forth above, the court **RECOMMENDS** that Defendant's motion (Doc. No. 28) be **DENIED**.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report. A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party

from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 14th day of January, 2022.**

*[signature]*
JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE